UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY DISON, JR., | Case No.: 1:24-cv-00876-SKO |
| Plaintiff, | **ORDER TO SHOW CAUSE IN WRITING WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS** |
| v. | |
| R. REAVES, et al., | **21-DAY RESPONSE DEADLINE** |
| Defendants. | |

Plaintiff Donald Ray Dison, Jr., is appearing pro se and *in forma pauperis* in this civil rights action.

## I.    INTRODUCTION

On May 5, 2025, this Court issued its First Screening Order. (Doc. 14.) The Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted and violated Rule 8 of the Federal Rules and Civil Procedure. (Id. at 4-14.) Plaintiff was directed to file a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. (*Id*. at 14-15.) Plaintiff has failed to file a first amended complaint or a notice of voluntary dismissal.

## II.    DISCUSSION

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may

1    be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule

2    or within the inherent power of the Court." Local Rule 110. "District courts have inherent power

3    to control their dockets" and, in exercising that power, may impose sanctions, including dismissal

4    of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

5    A court may dismiss an action based on a party's failure to prosecute an action, obey a court

6    order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

7    1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.*

8    *Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

9    order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

10    prosecute and to comply with local rules).

11          In the screening order, the Court explained the deficiencies in Plaintiff's complaint,

12    provided relevant legal standards for the potential claims, and directed Plaintiff to file a first

13    amended complaint, curing the deficiencies identified in the order, or, in the alternative, to file a

14    notice of voluntary dismissal, within 21 days. More than 21 days, plus time for mailing, have

15    passed and Plaintiff has filed neither a first amended complaint nor a notice of voluntary

16    dismissal.

17        **III.**    **CONCLUSION AND ORDER**

18          Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 21 days** of

19    the date of service of this order, why this action should not be dismissed for his failure to comply

20    with the Court's order. Alternatively, within that same time, Plaintiff may file a first amended

21    complaint or a notice of voluntary dismissal.

22          <u>**Failure to comply with this order to show cause *will* result in a recommendation that**</u>

23    <u>**this action be dismissed for a failure to a failure to comply with court orders and failure to**</u>

24    <u>**prosecute**</u>.

25

26    IT IS SO ORDERED.

27    Dated:  **June 3, 2025**          */s/ Sheila K. Oberto*

28                        UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28