UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY DISON, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>R. REAVES, et al.,<br><br>          Defendants. | Case No.: 1:24-cv-00876-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Donald Ray Dison, Jr., is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      BACKGROUND**

On May 5, 2025, this Court issued its First Screening Order. (Doc. 14.) The Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted and violated Rule 8 of the Federal Rules of Civil Procedure. (*Id*. at 4-14.) Plaintiff was directed to file a first amended complaint, curing the deficiencies identified in the screening order, or to file a notice of voluntary dismissal, within 21 days. (*Id*. at 14-15.) Plaintiff has failed to do so.

On June 3, 2025, the Court issued its Order to Show Cause (OSC) in Writing Why this Action Should Not be Dismissed for Plaintiff's Failure to Obey Court Orders. (Doc. 15.) Plaintiff was directed to respond within 21 days. (*Id*. at 2.) Plaintiff failed to respond.

## II.    DISCUSSION

### A.  Applicable Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

Here, Plaintiff has failed to respond in any way to the Court's First Screening Order and the OSC. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). While no defendant has appeared in this action because the screening

1   process has not yet been completed — Plaintiff's original complaint fails to state a claim upon

2   which relief can be granted and violates Rule 8 of the Federal Rules of Civil Procedure;

3   Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a

4   presumption of injury. Therefore, the third factor, a risk of prejudice to defendants, also weighs in

5   favor of dismissal. *Carey*, 856 F.2d at 1440.

6        The fourth factor usually weighs against dismissal because public policy favors

7   disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

8   "this factor lends little support to a party whose responsibility it is to move a case toward

9   disposition on the merits but whose conduct impedes progress in that direction." *In re*

10  *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)

11  (citation omitted). In failing to cure the deficiencies identified in the screening order by filing a

12  first amended complaint, Plaintiff is not moving this case forward and is impeding its progress.

13  Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs

14  in favor of dismissal. *Carey*, 856 F.2d at 1440.

15       Finally, the Court's warning to a party that failure to obey the court's order will result in

16  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.

17  Here, the Court's First Screening Order warned: "**If Plaintiff fails to comply with this order,**

18  **the Court will recommend that this action be dismissed, without prejudice, for failure to**

19  **obey a court order and for failure to prosecute.**" (Doc. 14 at 15, emphasis in original.) Next,

20  the OSC issued June 3, 2025, warned: "**Failure to comply with this order to show cause *will***

21  ***result in a recommendation that this action be dismissed for a failure to comply with a court***

22  **order**." (Doc. 15 at 2, emphasis in original.) Additionally, in this Court's First Informational

23  Order in Prisoner/Civil Detainee Civil Rights Case, issued July 31, 2024, Plaintiff was advised, in

24  relevant part: "In litigating this action, the parties must comply with this Order, the Federal Rules

25  of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court,

26  Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply

27  will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule

28  110; Fed. R. Civ. P. 41(b)." (Doc. 9 at 1.) That order also advised that "all Court deadlines are

strictly enforced." (*Id*. at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

Further, for the reasons given above, the Court **HEREBY RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

//

//

//

4

1    may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839

2    (9th Cir. 2014).

3

4    IT IS SO ORDERED.

5    Dated:    **June 30, 2025**                              */s/ Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28