**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD RAY DISON, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>R. REAVES, et al.,<br><br>          Defendants. | Case No.: 1:24-cv-00876 JLT SKO<br><br>ORDER DENYING CONSTRUED MOTION TO REOPEN CASE<br><br>(Doc. 20) |

In this closed case, Donald Ray Dison, Jr., sought to hold defendants liable for violations of his civil rights.

## I.     RELEVANT BACKGROUND

The Court issued its First Screening Order in May 2025, finding Plaintiff's complaint failed to state a claim upon which relief could be granted and violated Rule 8 of the Federal Rules of Civil Procedure. (Doc. 13.) Plaintiff was ordered to file an amended complaint within 21 days. (*Id*. at 14-15.) When Plaintiff failed to respond, the assigned magistrate judge issued an Order to Show Cause directing Plaintiff to file a written response, or, alternatively, a first amended complaint within 21 days. (Doc. 15.)

When Plaintiff failed to response to the OSC, the magistrate judge issued findings and recommendations to dismiss this action without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. (Doc. 17.) On July 28, 2025, the Court issued its Order Adopting

Findings and Recommendations, Dismissing the Action Without Prejudice, and Directing the Clerk of the Court to Close this Case. (Doc. 18.) The Court entered judgment that same date and closed the action. (Doc. 19.)

On April 15, 2026, Plaintiff filed a document, docketed by the Clerk of the Court as a motion to reopen the case, titled "Complaint by a Prisoner Under the Civil Rights Act, 42 U.S.C. § 1983," employing a complaint form identifying this Court as the "Northern District of California." (Doc. 20.) Under the heading "Statement of Claim" appearing at page two of the filing, Plaintiff states he "is addressing this honorable court in order to establish fact findings … That on March 27, 2025 until current filing of this sanction." (*Id*. at 2-3.) Plaintiff states he "has not had the opportunity to obey judicial demands due to extreme hardships as a result of being subjected to restricted housing units and being denied access to the law library, stationery and movement (e.g. 24 hour isolation)." (*Id*. at 3.) Further, Plaintiff asserts "various illegal underground regulations … deprived the plaintiff eligibility to response to the courts (1) failure to state a claim upon which relief is granted and (2) failure to respond to notices or orders demands." (*Id*.) Next, he states: "Plaintiff also would like to add for the record as a attempt to show cause the record reflect a handwritten request for furtherance due to these circumstances was written in the month of July 2025." (*Id*.) Plaintiff contends "[a]ll is the result of the filings of case no. *Dison V. R. Reaves et al* 1:24-cv-0876 JH SKO." (*Id*.)

Under the heading "Relief," Plaintiff wrote: "I want the courts to reinstate the claim and allow plaintiff the opportunity to lawfully address the claim without prejudice. [¶] As of now the circumstances have changed and allows plaintiff the opportunity to exercise just cause." (Doc. 20 at 3,)

## II.     DISCUSSION

The Court construes Plaintiff's filing of April 15, 2026, to be a motion to reopen this action.

### A.  Applicable Legal Standards

The Court may grant reconsideration under Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Generally, a motion for reconsideration of a final judgment is appropriately

2

brought under Federal Rule of Civil Procedure 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Schroeder v. McDonald*, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); accord *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. *See* Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. *See id*.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgment has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

### B. Analysis

Neither Rule 59(e) nor Rule 60 warrant the relief Plaintiff seeks. First, Rule 59(e) is not applicable because judgment was entered on July 28, 2025. Therefore, a Rule 59(e) motion

3

should have been filed no later than August 25, 2025. Fed. R. Civ. P. 59(e). More than 280 days have elapsed since that date and thus the motion under Rule 59(e) is untimely.

Rule 60(a) is not applicable because Plaintiff does not allege a clerical mistake nor has the Court identified any clerical mistake. Rule 60(b)(4) and (5) do not apply because the judgment entered is not void, nor has it been reversed or vacated. That leaves Rule 60(b)(1) through (3) and (6).

Rule 60(b)(1) allows for reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect. Here, Plaintiff does not allege mistake, inadvertence, or surprise. The Court construes his motion to allege excusable neglect based upon Plaintiff's assertions that he was unable to respond to the Court's previous orders because he was in restricted housing, denied access to the law library and to stationery, and was isolated 24 hours a day. Nevertheless, Plaintiff makes no reference to the dates of any restricted housing assignment and does not explain or show how being assigned to a restricted housing unit or units, or a lack of library access and stationery, caused his inability to respond from May 5, 2025, when the screening order was issued, through April 15, 2026, when the instant motion was filed.[1] *See, e.g.*, *Goff v. Walters*, No. 1:18-cv-00904-KES-HBK (PC), 2024 WL 1722251, at *2 (E.D. Cal. Apr. 22, 2024) (denying motion to reopen involving assertions of homelessness following release from sober living facility "after contracting COVID-19, … and suffer[ing] severe health and financial problems" because "Plaintiff [] failed to establish either manifest injustice or that the Court's order was in error. The interests of finality and the conservation of judicial resources also do not warrant the use of the extraordinary remedy Plaintiff seeks"); *Martinez v. Merkle*, No. CIV S-96-1227 JAM DAD P, 2012 WL 525999, at 1 (E.D. Cal. Feb. 16, 2012) (recommending motion to reopen be denied and noting absence of any showing concerning Martinez's claims that he "became incapacitated due to seizure order," "his legal materials and documents were lost by defendants;" or that defendants withheld his legal property for six months), adopted 2012 WL 1132137 (E.D. Cal. Mar. 29, 2012). Simply put, Plaintiff's assertions are vague and conclusory.

---

[1] Plaintiff was served with the screening order on May 5, the OSC on June 3, the Findings and Recommendations to dismiss on July 1, and the Order Adopting on July 28, 2025.

As to Plaintiff's need to access the law library to respond to the Court's May 2025 screening order, the Court is not persuaded. In the screening order, the magistrate judge provided Plaintiff with applicable legal standards for his numerous potential claims. (*See* Doc. 14 at 8-14.) And as explained by the Court, Plaintiff was to "review the relevant standards, and if applicable and supported by the facts, he should amend his complaint to state a claim or claims based upon the claim's requirements. (*Id*. at 8.) In other words, Plaintiff was provided with the information he needed to cure the deficiencies identified in the screening order.

Next, Rule 60(b)(2) allows for reconsideration involving newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment. Here, Plaintiff makes no assertion involving newly discovered evidence. In fact, Plaintiff states he wants this Court to "reinstate the claim," from which the Court can reasonably infer that Plaintiff intends to restate the same claim or claims as originally pled and that no new evidence is involved.

Rule 60(b)(3) concerns fraud, misrepresentation, or misconduct of an opposing party. Plaintiff does not allege fraud or misrepresentation nor has the Court identified any fraud or misrepresentation. To the extent Plaintiff's reference to "various illegal underground regulations" depriving him of an ability to respond to the Court's orders amounts to an assertion of misconduct of an opposing party, the Court is not persuaded. Plaintiff does not specify or identify these "various illegal underground regulations" nor does he offer any evidence in support of his assertion. This vague and conclusory assertion deserves no further consideration.

Lastly, Rule 60(b)(6) considers any other reason that justifies relief. Such relief "should be granted 'sparingly' to avoid 'manifest injustice' and '*only* where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (emphasis in original) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). Plaintiff's assertions regarding restricted housing assignments and the denial of law library access and stationery do not amount to extraordinary circumstances warranting relief. *See Lewis v. Sherman*, No. 1:20-cv-01485-JLT-SKO (PC), 2025 WL 2985067, at * 3 (E.D. Cal. Oct. 23, 2025)

(recommending motion to reopen be denied and noting "Plaintiff's assignment to 'crisis beds' and his mental health requiring 'suicide watch visits/stays,'" lacked sufficient information), adopted, 2025 WL 3192189 (E.D. Cal. Nov. 14, 2025).

Finally, to the extent Plaintiff asserts he submitted a "handwritten request" of some sort in "July 2025," a review of the docket for this action reveals no such request was received by the Court. In fact, Plaintiff's last submission to the Court was a consent/decline form in August of 2024, until the instant motion was filed on April 15, 2026.

In sum, the Court finds no reason to grant Plaintiff's request to reopen this action. Fed. R. Civ. P. 59(e), 60.

**III.   ORDER**

Plaintiff's motion to reopen this action (Doc. 20) is DENIED.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

UNITED STATES DISTRICT JUDGE